UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AGNES XIE,

    Plaintiff,

    v.

DE YOUNG PROPERTIES 5418, L.P.
(DE YOUNG),

    Defendants.

No.  1:16-cv-01518-DAD-SKO

ORDER DISMISSING PLAINTIFF'S
COMPLAINT AND DENYING MOTIONS
FOR SUBPOENAS

(Docs. No. 8, 17, 18)

This matter came before the court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for a more definite statement as to the claims alleged and nature of relief sought by plaintiff under Federal Rule of Civil Procedure 12(e).  (Doc. No. 8.)  A hearing on the motion was held on March 21, 2017.  Plaintiff appeared *pro se*.  Attorney Jared Calvin Marshall appeared on behalf of defendant.  For the reasons set forth below, the court grants defendant's motion to dismiss with

/////

leave to amend.  In addition, although not properly noticed for hearing, the court will deny plaintiff's motions for subpoenas directed at a third party and defendant.

## BACKGROUND

In her original complaint, plaintiff alleges as follows.  On June 30, 2013, plaintiff, Agnes Xie, entered into a purchase contract with defendant, De Young Properties 5418, L.P., for the sale

1

of a single family home in Countryview Community located at 2290 Richert Ave. Clovis, CA 93611.  (Doc. No. 1 at 10, ¶ 6.)  The purchase price was at $287,100, for which plaintiff paid a deposit of $2,500 on June 25, 2013.  (*Id.*)  On August 6, 2013, Tina Larson, a De Young sales staff member, confirmed that plaintiff could add her then-husband, Mark Fletcher, to her existing purchase contract without the need to come to the sales office in person.  (*Id.* at ¶ 7.)  However, "instead of adding her husband Mark to her existing contract, Tina cancelled [plaintiff's] purchase contract without her knowledge, without her presence, without her signature, instead Tina transferred her purchase contract to Mark at the price of $295,990."  (*Id.* at ¶ 8.)

Plaintiff did not become aware of the fact that her name had been removed from the sales contract until immediately before closing in May 2014 and requested that her name be added back to the purchase contract upon this realization.  (*Id.* at ¶ 9.)  Plaintiff's requests were, however, ignored.  "In June 2014, [p]laintiff learned that the same property was sold to a [third] party without her and Mark's knowledge."  (*Id.* at ¶ 10.)  Based on plaintiff's search on Zillow, the property was sold for $301,500 on July 23, 2014, meaning that defendant made a $14,390 profit from what it would have otherwise gained by selling the property to plaintiff under her sales contract.  (*Id.* at ¶ 16–17.)  According to plaintiff, she suffered "direct monetary damage, lost wage due to opportunity cost from her time of searching and secur[ing] the contract by postpon[ing] her new job for three months, [and] traumatic emotional damage."  (*Id.* at 11, ¶ 12.)  Plaintiff also alleges that defendant's breach of the contract "directly contributed to her martial relationship breakdown."  (*Id.* at ¶ 14.)

On October 7, 2016 plaintiff filed the instant action alleging intentional breach of contract.  (*Id.* at 1.)  Plaintiff seeks compensatory damages, consequential damages for her divorce, special damages, punitive damages, as well as legal expenses and costs for a sum of no less than $200,000.  (*Id.* at 3.)  On January, 3, 2017, plaintiff filed a First Amended Complaint ("FAC").  (Doc. No. 7.)[1]  On January 17, 2017, defendant filed the pending motion to dismiss pursuant to

---

[1] With respect to which of plaintiff's complaints is the operative pleading, plaintiff's original complaint lists both De Young Properties 5418, L.P. and De Young Properties 5867, L.P. as defendants, although it appears that only one is intended to be the sole defendant in this matter. (Doc. No. 1 at 1) (noting that, De Young Properties 5418, L.P. was formerly known was 5867

1  Federal Rule of Civil Procedure 12(b)(1) and 12(e).  (Doc. No. 8.)  Plaintiff filed her response to

2  defendant's motion to dismiss on February 21, 2017.  (Doc. No. 19.)  The court construes this

3  response as plaintiff's opposition to defendant's motion to dismiss.  Defendant filed its reply on

4  March 14, 2017.  (Doc. No. 21.)

5  In addition, on February 13, 2017, plaintiff filed a motion for third party subpoena to

6  obtain the original purchase contract from her former husband, Mark Fletcher.  (Doc. No. 17 at

7  1.)[2]  In this regard, plaintiff represents the following.  Plaintiff received only one copy of the

8  original purchase contract reflecting her as the buyer from defendant.  (*Id.*)  That contract was

9  stored in their Fresno apartment, which plaintiff left on August 6, 2013 and did not return to.

10  (*Id.*)  Mr. Fletcher moved out of the apartment in October 2014 to an unknown address and took

11  plaintiff's personal property including the original sales contract with him.  (*Id.*)  Plaintiff has e-

12  mailed Mr. Fletcher to obtain a copy of the original purchase contract, but has not received a

13  response.  (*Id.*)

---

14  L.P.).)  While plaintiff's FAC is not significantly different from her original complaint, it does

15  differ in two respects: (1) it lists De Young Properties 5418, L.P. as the defendant with no

16  mention of De Young Properties 5867, L.P. (Doc. No. 7 at 1); and (2) it adds an intentional
   infliction of emotional distress cause of action.  (*Id.* at 3.)  However, page four appears to be
   missing from plaintiff's FAC as filed and thus the court cannot determine in what other ways the

17  FAC may differ from the original complaint.  However, it appears the FAC may have also alleged
   additional causes of action such as fraud and deceit as indicated in the opening paragraph of the

18  FAC.  (*Id.* at 1.)  It is also unclear whether the FAC has been served on defendant.  At the
   hearing, defendant's counsel stated that he had not received the FAC and was not aware that one

19  had been filed.  The return of service filed January 17, 2017—the same day the instant motion

20  was filed—indicates that the Summons and complaint was served on December 24, 2016 and
   delivered on December 27, 2016.  (Doc. No. 11.)  However, this return of service is for the

21  original complaint and not the FAC, since the FAC was not filed until January 3, 2017.  Also on
   January 17, 2017, plaintiff filed a request for correct summons to be issued for the FAC because

22  "the correct defendant is: De Young Properties 5418 L.P., not De Young Properties 5867 L.P.,"

23  and the "prior complaint had both defendants listed but [the] summons only listed De Young
   Properties, 5867 L.P." (Doc. No. 12 at 1.)  Accordingly, a summons was issued on January 19,

24  2017.  (Doc. No. 13.)  No return of service has been filed with the court indicating that the FAC
   has been served upon defendant.  Thus, defendant's motion to dismiss and reply are aimed at

25  plaintiff's original complaint and not the FAC.  Accordingly, herein the court will refer only to

26  plaintiff's original complaint (Doc. No. 1), which the court deems to be the operative pleading.

27  [2]  Plaintiff did not notice this motion for hearing as required.  Moreover, it would appear that the
   motion would properly be heard by the assigned magistrate judge as a motion related to discovery

28  in this action.

On February 21, 2017, plaintiff also filed a motion for a subpoena requiring defendant to produce the original purchase contract of June 30, 2013.  (Doc. No. 18.)[3]  Plaintiff alleges that defendant maintains a copy of the original purchase contract in its computer system.  (*Id.* at 1.)  In support of her motion, plaintiff has included an e-mail exchange between herself and defendant, instructing Tina Larson to add Mr. Fletcher to the contract.  (*Id.* at 4–6.)

## DISCUSSION

Defendant's motion to dismiss is premised on Federal Rule of Civil Procedure 12(b)(1) and 12(e).  In moving to dismiss under Rule 12(b)(1), defendant mounts both a facial attack and factual attack against plaintiff's complaint.  (Doc. No. 8-1 at 2.)  In its facial attack, defendant notes that plaintiff has not attached a complete copy of the contract to her complaint and contends that the failure to do so is not a mere oversight.  (*Id.* at 1-2.)  Defendant has attached a contract to its motion and argues that "the [c]ourt may consider both the written agreement and other documents that establish [p]laintiff previously sought to arbitrate the same claims through reliance on the same agreement."  (*Id.* at 2.)  According to defendant, "[b]oth attacks ultimately attempt to establish that [p]laintiff does not have standing to seek relief requested because she was not a party to the agreement she is suing upon."  (*Id.* at 4.)  Under Rule 12(e), defendant requests that the court require plaintiff to provide a more definite statement of her claims with respect to the contract being sued upon and a more definite statement of the relief requested.  (*Id.* at 2.)

At the hearing on the pending motion, in response to inquiry by the court, plaintiff clarified that she was alleging the breach of an earlier sales contract in which she was identified as the purchaser and not on the later version of the contract from which her name was omitted and which defendant had attached to its motion to dismiss.  In light of that clarification, defense counsel at the hearing withdrew the motion to dismiss under 12(b)(1) and indicated that defendant now sought only a more definite statement of plaintiff's claims under Rule 12(e).  As the court will briefly address below, that concession is well-taken.

---

[3]  *See* fn. 2, above.

**I.**      **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

> Federal Rule of Civil Procedure 12(b)(1) allows a defendant, by motion, to raise the defense that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.   Federal district courts generally have subject matter jurisdiction over civil cases through diversity jurisdiction.   28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C.§ 1331.  In a motion to dismiss for lack of subject [matter] jurisdiction, a defendant may either attack the allegations of the complaint or may attack the existence of subject matter jurisdiction in fact.

*McMillan v. Lowe's Home Centers, LLC*, No. 1:15-cv-00695-DAD-SMS, 2016 WL 4899164, at

*2 (E.D. Cal. Sept. 14, 2016) (citing *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1068 (9th Cir.

2005); and *Thornhill v. Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.

1979)).

       "A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack, the

challenger asserts that the allegations contained in a complaint are insufficient on their face to

invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 383 F.3d 1035, 1039 (9th Cir. 2004)

(citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "The district court resolves a facial

attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations

as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether

the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane

Co.*, 797 F.3d 1117, 1121 (9th Cir. 2014).  "By contrast, in a factual attack, the challenger

disputes the truth of the allegations that, by themselves, would otherwise invoke federal

jurisdiction." *SafeAir for Everyone*, 373 F.3d at 1039.

       "Unlike a 12(b)(6) motion, in deciding on a motion to dismiss for lack of subject matter

jurisdiction, the [c]ourt may review matters outside the complaint in order to resolve

jurisdictional fact issues." *Hoffman v. Cingular Wireless, LLC*, No. 06-CV-1021 W (BLM), 2008

WL 4093722, at *4 (E.D. Cal. Sept. 30, 2013).  Extrinsic evidence is notably heard on factual

attacks where the court may review "*any* evidence, such as affidavits and testimony, to resolve

factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d

558, 560 (9th Cir. 1988) (emphasis added) (citing *Land v. Dollar*, 330 U.S. 731 (1947)).  Here, in

determining whether plaintiff has standing to sue, the court may consider the contract provided by

5

1  defendant, documents evidencing plaintiff's prior submissions to the American Arbitration

2  Association, and the e-mails provided by plaintiff in her opposition to defendant's motion.

3          As noted, defendant initially argued that the complaint should be dismissed due to

4  plaintiff's lack of standing, arguing that plaintiff could not establish her standing "because she

5  was not a party to the contract and was not a third party beneficiary." (Doc. No. 8-1 at 9.) At

6  issue is whether a prior contract existed apart from the one offered by defendant as Exhibit A to

7  its motion to dismiss. Defendant contests the existence of any prior contract and further asserts

8  that the contract provided is the operative agreement, which plaintiff has previously relied upon in

9  pursuing arbitration under the same claims. However, in her complaint plaintiff alleges that a

10  prior contract existed, different from the one offered by defendant, and claims that she is suing on

11  that earlier contract:

12              On [August 6, 2013], instead of adding her husband Mark to her
                existing contract, Tina cancelled her purchase contract without her
13              knowledge, without her presence, without her signature, instead
                Tina transferred her purchase contract to Mark at the purchase price
14              of $295,990. This action constitute[s] first breach of contract.

15  (Doc. No. 1 at 10.) Plaintiff's e-mails accompanying her opposition to the pending motion also

16  suggest that a prior contract existed. For instance, in her e-mail exchange with Tina Larson,

17  plaintiff requests that Ms. Larson add Mr. Fletcher to the contract indicating that up until August

18  4, 2013, only plaintiff's name appeared on the contract. (Doc. No. 19 at 5.)

19          The determination of whether a prior contract existed and whether it should be the

20  operative contract necessarily affects the question of whether plaintiff has standing to sue. If a

21  prior contract did not exist and the contract provided by defendant is the operative contract, then

22  defendant's arguments regarding plaintiff's lack of standing to sue warrant consideration.

23  Accordingly, the court finds that the jurisdictional question of standing here—whether a prior

24  contract existed with plaintiff as a party thereto and whether defendant breached that contract—is

25  inherently intertwined with the merits of the suit. Motions to dismiss are ordinarily denied where

26  jurisdictional issues and the merits are intertwined. *See, e.g.*, *Augustine v. United States*, 704 F.2d

27  1074, 1077 (9th Cir. 1983) ("However, where the jurisdictional issue and the substantive issues

28  are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues

1   going to the merits, the jurisdictional determination should await determination of the relevant

2   facts on either a motion going to the merits or at trial."); *see also, e.g.*, *Thornhill Pub. Co., Inc. v.*

3   *General Tel. & Electronics Corp.*, 594 F.2d 730, 732–36 (9th Cir. 1979); and *see Bernardinelli v.*

4   *Castle & Cooke Inc.*, 587 F.2d 37 (9th Cir. 1978).

5   **II.      Defendant's Motion for a More Definite Statement Under Rule 12(e)**

6       Federal Rule of Civil Procedure 12(e) provides:

7
> A party may move for a more definite statement of a pleading to
8   > which a responsive pleading is allowed but which is so vague or
    > ambiguous that the party cannot reasonably prepare a response.
9   > The motion must be made before filing a responsive pleading and
    > must point out the defects complained of and the details desired.  If
10  > the court orders a more definite statement and the order is not
    > obeyed within 14 days after notice of the order or within the time
11  > the court sets, the court may strike the pleading or issue any other
    > appropriate order.

12  Fed. R. Civ. P. 12(e).  *See also Swiekiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a

13  pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant

14  can move for a more definite statement under Rule 12(e) before responding."); *C.B. v. Sonora*

15  *Sch. Dist.*, 691 F. Spp. 2d 1170, 1190–91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only

16  if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being

17  asserted, i.e., so vague that the defendant cannot begin to frame a response.").  A court should

18  deny a motion for a more definite statement "if the complaint is specific enough to notify [a]

19  defendant of the substance of the claim being asserted" or "if the detail sought by a motion for

20  more definite statement is obtainable through discovery."  *C.B.*, 691 F. Supp. 2d at 1191.  A Rule

21  12(e) motion "is likely to be denied where the substance of the claim has been alleged, even

22  though some of the details are omitted."  *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169

23  (E.D. Cal. 2005).  This liberal pleading standard is consistent with Federal Rule of Civil

24  Procedure 8(a), which requires only that the complaint contain a "short and plain statement of the

25  claim."  *Id.*

26       Defendant requests a more definite statement from plaintiff under Rule 12(e) on two

27  grounds: (1) plaintiff should provide a copy or identify the material terms of any other agreement

28  she maintains exists and has been breached by defendant (Doc. No. 8-1 at 12); and (2) plaintiff

should specify the nature of the remedies she is seeking.  (*Id.* at 13.)  Defendant notes that plaintiff's complaint is identified as one for "performance of a contract to convey real property;" however, in her prayer for relief, plaintiff seeks "monetary damages and associated remedies." (*Id.*)  Defendant argues that the nature of plaintiff's claim would impact the number and type of affirmative defense it plans to raise and cannot offer a complete response without specification from plaintiff.  (*Id.*)

The court denies defendant's motion for a more definite statement under Rule 12(e). Here, the complaint is specific enough to notify defendant of the claim being asserted.  For example, plaintiff provides a short and plain statement of the nature of her claim in the introductory paragraph of her complaint: "Defendant cancelled the contract initially by selling to her husband on [August 6, 2014], then defendant willfully breached the contract again and sold the same home to a [third party] instead of plaintiff and her husband in July 2014."  (Doc. No. 1 at 9.)  Further, plaintiff provides that the contract was first breached when "[o]n [August 6, 2013], instead of adding her husband Mark to her existing contract, Tina cancelled her purchase contract without her knowledge, without her presence, without her signature, instead Tina transferred her purchase contract to Mark at the purchase price of $295,990."  (*Id.* at 10, ¶ 8.)  Plaintiff also alleges that defendant breached the contract by selling the same property to a third party "without her and Mark['s] knowledge."  (*Id.* at ¶ 10.)  To the extent defendant argues that plaintiff should identify or provide a copy of any prior agreement that may have existed, the court notes that plaintiff has maintained that she does not have access to a copy of the prior contract which she alleges does exist.  It would appear that, if it in fact exists, a copy of this sales contract can be identified through discovery.  A more definite statement is not required as to these aspects of plaintiff's claims.

Although plaintiff specifies that she is seeking compensatory damages, punitive damages, consequential damage, as well as legal expenses and costs (Doc. No. 1 at 11–12), her original complaint is entitled "Performance of a Contract to Convey Real Property."  (*Id.* at 1.)  In addition to arguing that the type of relief sought affects the defenses defendant will raise, defendant also argues that specific performance would not be possible because the property has

8

already been conveyed to a third party.  While it may not be available to her, the relief sought by plaintiff in this action is not so indefinite that defendant cannot ascertain what plaintiff is requesting.  Accordingly, defendant's motion for a more definite statement will be denied.

Although defendant's motion for a more definite statement will be denied, for the reasons stated below, the court will nonetheless dismiss plaintiff's complaint with leave to amend in order to allow plaintiff the opportunity to both adequately allege the basis for diversity jurisdiction over this matter, as well as to clarify the nature of her claims and the relief sought in light of the points raised by defendant.

### III.      Diversity of Citizenship is Not Sufficiently Pled

Although 12(b)(1) motions to dismiss are ordinarily denied where issues regarding the court's jurisdiction and the merits are intertwined, here dismissal of plaintiff's complaint based upon the lack of subject matter jurisdiction is appropriate in light of deficiencies in the allegations of the complaint.  Federal Rule 12(h)(3) provides, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Thus, the court may raise this issue *sua sponte*.  *See Henderson ex. Rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Courts do not usually raise claims or arguments on their own.  But federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

Here, plaintiff has not sufficiently pled diversity of citizenship.  "Diversity of citizenship as a basis for jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship."  *Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943).  A person's citizenship is "determined by her state of domicile, not her state of residence.  A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).  "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  *Id.* (citing *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th

1    Cir. 2000)).

2         In the original complaint, plaintiff simply alleges that she is a "citizen of another state"

3    and a "resident of Virginia." (Doc. No. 1 at 9, 4.) Such allegations are insufficient to satisfy

4    plaintiff's burden of alleging jurisdictional facts with respect to diversity jurisdiction and,

5    therefore, dismissal is appropriate. *See, e.g.*, *Jeffcott*, 135 F.2d at 214 (finding that no jurisdiction

6    of the district court was shown where plaintiff was a residence of New Jersey and defendants

7    were residents of Arizona); *see also, e.g.*, *Hasson v. Koenig*, No. CV 12-02584-GW(PLAX),

8    2012 WL 12878592 (C.D. Cal. Apr. 17, 2012) (dismissing for lack of subject matter jurisdiction

9    where the *pro se* plaintiff did not adequately allege diversity of citizenship in alleging that she

10   was a resident of California and defendants were residents of Nevada, as opposed to alleging the

11   specific citizenship (i.e. the parties' domicile or permanent home)).

12        For the reasons stated above, plaintiff's complaint will be dismissed for lack of subject

13   matter jurisdiction. The undersigned has considered whether plaintiff could file an amended

14   complaint that states a cognizable claim that would not be subject to dismissal. "Valid reasons

15   for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California*

16   *Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *accord*

17   *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983)

18   (holding that, while leave to amend shall be freely given, the court does not have to allow futile

19   amendments). The court finds that granting leave to amend would not be futile since diversity of

20   citizenship can sufficiently be alleged and any other arguable, albeit not fatal, deficiencies of

21   plaintiff's original complaint can be cured.

22        Nonetheless, plaintiff is again cautioned that although the Federal Rules of Civil

23   Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the

24   plaintiff's claims and must allege facts that state the elements of each claim plainly and

25   succinctly, Fed. R. Civ. P. 8(a)(2); *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*,

26   733 F.2d 646, 649. Further, "the tenet that a court must accept as true all of the allegations

27   contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements

28   of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at

10

678.  A plaintiff may construct a complaint's framework with legal conclusions, but must support the legal conclusions with factual allegations with at least some degree of particularity.  *Id.* at 679; *Jones*, 733 F.2d at 649.

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires any amended complaint to be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in any amended complaint plaintiff elects to file, she must (1) name each defendant in the caption, (2) identify each defendant in the body of the complaint and of each claim, and (3) sufficiently allege the involvement of each defendant, just as if it were the initial complaint filed in this case.  Finally, any amended complaint filed by plaintiff must include concise but complete factual allegations describing the conduct and events which underlie her claims.

## IV.    Plaintiff's Motions for Subpoenas

As noted above, plaintiff has also filed motions for both a third party subpoena and a subpoena to defendant, seeking to obtain a copy of the alleged original purchase contract she claims existed.  (Doc. Nos. 17, 18.)  Those motions were not properly noticed for hearing before the magistrate judge assigned to this action.  Nonetheless, the court will address plaintiff's motions.

At the pleading stage, the court need not engage in an in-depth review of extrinsic evidence.  Therefore, plaintiff's motions to issue subpoenas to the defendant and Mr. Fletcher are denied as premature.  Plaintiff need not prove the existence of an earlier contract identifying herself as the purchaser at this stage of litigation.  Accordingly, plaintiff's motions are denied as premature.

## CONCLUSION

For all of the reasons set forth above:

(1) Defendant's motion to dismiss (Doc. No. 8) brought under Rule 12(b)(1) based upon plaintiff's lack of standing is denied;

(2) Defendant's motion for a more definite statement (Doc. No. 8) brought under Rule

11

1    12(e) is denied;

2    (3)  Plaintiff's original complaint, the operative pleading in this action, is dismissed due to

3    the lack of subject matter jurisdiction, with leave to amend also granted.  Within thirty

4    days from the date of this order, plaintiff shall file an amended complaint that cures

5    the defects noted in this order and complies with the Federal Rules of Civil Procedure

6    and the Local Rules.  The amended complaint must bear the case number assigned to

7    this action and must be titled "Amended Complaint."  Defendant shall respond to the

8    pleading within twenty-one days after it is filed and served; and

9    (4)  Plaintiff's motions for subpoenas (Doc. Nos. 17, 18) are denied at this time as

10   premature.

11   IT IS SO ORDERED.

12   Dated:   __April 6, 2017__                                    _____

13                                                                  UNITED STATES DISTRICT JUDGE