# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGNES XIE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DE YOUNG PROPOERTIES, 5418 L.P.,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:16-cv-01518-DAD-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO COMPLETE NON-EXPERT DISCOVERY AND RULING ON DISCOVERY ISSUES**<br><br>**(Doc. 53)** |

**ORDER**

On April 19, 2018, the parties appeared telephonically for a conference to resolve Plaintiff's "First Motion for Extension of Time for [sic] Complete Non-Expert Discovery" (Doc. 53) (the "Motion") and other discovery issues. Plaintiff Agnes Xie appeared on her own behalf, and Jared Marshall, Esq., appeared on behalf of Defendant De Young Properties, 5418 L.P.

After reviewing the parties' submissions and hearing the parties' arguments, the Court hereby GRANTS the Motion IN PART, finding good cause pursuant to Fed. R. Civ. P. 16(b)(4) to modify its Scheduling Order (Doc. 42) as follows:

| Event | Current Date | New Date |
|---|---|---|
| Non-Expert Discovery Deadline | March 20, 2018 | May 31, 2018 |
| Expert Disclosure Deadline | April 19, 2018 | June 8, 2018 |
| Rebuttal Expert Disclosure Deadline | May 18, 2018 | June 20, 2018 |
| Expert Discovery Deadline | June 18, 2018 | July 6, 2018 |
| Non-Dispositive Motion Filing Deadline | June 26, 2018 | August 6, 2018 |

| Non-Dispositive Motion Hearing Deadline | July 25, 2017 | September 5, 2018 |
| --- | --- | --- |
| Dispositive Motion Filing Deadline | July 30, 2018 | August 6, 2018 |
| Dispositive Motion Hearing Deadline | September 18, 2018 | unchanged |
| Settlement Conference | May 15, 2018 | August 16, 2018 at 10:00 AM in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto |
| Pre-Trial Conference | November 26, 2018 | unchanged |
| Trial | January 22, 2019 | unchanged |

With respect to Plaintiff's request for the production by Defendant of voicemails, Defendant SHALL conduct a diligent search for all relevant voicemails from Plaintiff to Defendant and either PRODUCE to Plaintiff, in a manner agreed to by the parties, any voicemails located, or, if no relevant voicemails are found, RESPOND to Plaintiff that it has no relevant voicemails in its possession, custody, or control. *See* Fed. R. Civ. P. 34(a). With respect to Defendant's request for the production by Plaintiff of voicemails, Plaintiff SHALL conduct a diligent search for all relevant voicemails from Defendant to Plaintiff and either PRODUCE to Defendant, in a manner agreed to by the parties, any voicemails located, or, if no relevant voicemails are found, RESPOND to Defendant that she has no relevant voicemails in her possession, custody, or control. *See id.*

Finally, to the extent Plaintiff wishes to obtain discovery from Tina Larson, Plaintiff SHALL follow the procedure for issuance and service of a subpoena set forth in Fed. R. Civ. P. 45, as Ms. Larson is Defendant's former employee over whom it has no control.

IT IS SO ORDERED.

Dated: **April 19, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE