UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGNES XIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DE YOUNG PROPERTIES 5418, LP,<br><br>　　　　　Defendant. | No. 1: 16-cv-01518-DAD-SKO<br><br>ORDER DENYING REQUEST TO SEAL AND DIRECTING DEFENDANT TO FILE REDACTED DOCUMENT IN ACCORDANCE WITH LOCAL RULE 140 AND THIS ORDER<br><br>(Doc. No. 72) |

Plaintiff Agnes Xie ("plaintiff") filed the complaint in this action, naming De Young Properties 5418, LP ("defendant") as the defendant, on October 7, 2016. (Doc. No. 1.) On June 26, 2018, defendant filed a motion for summary judgment, including four exhibits, and noticed the motion for hearing on August 7, 2018. (Doc. No. 70.) On June 28, 2018, after receiving an email from plaintiff, the court issued a minute order directing the Clerk of the Court to temporarily seal exhibit 4 to defendant's motion for summary judgment (Doc. No. 70-4) and directing defendant's counsel to immediately file an appropriately redacted exhibit. (Doc. No. 71.) The exhibit included confidential information that should have been redacted pursuant to Local Rule 140.

After the exhibit was temporarily sealed, defendant filed a notice of request to seal documents. (Doc. No. 72.) The request states that though the documents have been redacted in accordance with Local Rule 140, "[o]ut of an abundance of caution, and at the request of Plaintiff

1

Agnes Xie, Defendant seeks the additional protection afforded by filing under seal." (*Id.* at 1.)

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court orders such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the difference between the two standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 678 (9th Cir. 2010) (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as the one at issue here:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying

on hypothesis or conjecture.

*Id*. at 1178–79 (internal quotation marks, omissions, and citations omitted).[1]  The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard.  *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id*.  "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."  *Id.* at 1178–79.

## ANALYSIS

Here, defendant has filed a request to seal documents filed in support of its motion for summary judgment (Doc. No. 70), which is more than tangentially related to the merits of the case.  For that reason, defendant is required to make a showing of "compelling reasons" warranting the filing of the documents in question under seal.  Defendant has not made the required showing here.

Typically, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for

---

[1]  While courts frequently use the terms "dispositive" and "non-dispositive" motions in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case."  *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or *in limine*, though such motions are not dispositive, may be subject to the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness."  *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)).  Here, defendant's motion for summary judgment is both dispositive and more than tangentially related to the merits of the case.

3

improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).  Here, defendant requests that the court file all of the evidence submitted in support of its motion for summary judgment, which totals nearly 500 pages, under seal.  (Doc. No. 72.)  Defendant states that "[g]iven the combination of information contained on certain pages, however, Plaintiff's privacy and identify may well be at risk if they are left available to the public at large." (Def.'s Req. to Seal at 2.)  A general fear of identity theft, as recounted by defendant, without more does not constitute "articulable facts identifying the interests favoring continued secrecy . . . [or show] that these specific interests overcame the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181 (internal citations omitted).

However, the court directs the parties to ensure that all documents filed on the public docket conform to Local Rule 140, which requires redaction of financial account numbers (L.R. 140(a)(ii)), social security numbers (L.R. 140(a)(iii); and dates of birth (L.R. 140(a)(iv).  Out of an abundance of caution and to prevent the documents from becoming a "vehicle for improper purposes," the court will also authorize the redaction of plaintiff's current and previous addresses.  *See Kamakana*, 447 F.3d at 1179 (affirming magistrate judge's ruling that home addresses and social security numbers met the "compelling reason" standard).  The parties are encouraged to confer, but if plaintiff is unsatisfied by the extent of defendant's redactions, she is free to file a request to seal or redact documents pursuant to Local Rules 140–41.

**CONCLUSION**

Accordingly, defendant's request to seal documents filed in support of their motion for summary judgment (Doc. No. 72) is denied without prejudice.  Defendant is directed to file a redacted version of exhibit 4 to the motion for summary judgment (Doc. No. 70) in accordance with Local Rule 140 and this order.

IT IS SO ORDERED.

Dated: **June 29, 2018**

UNITED STATES DISTRICT JUDGE

4