# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGNES XIE,<br><br>    Plaintiff,<br><br>v.<br><br>DE YOUNG PROPERTIES, 5418 L.P.,<br><br>    Defendant.<br>_____/ | Case No. 1:16-cv-01518-DAD-SKO<br><br>**ORDER DENYING PLAINTIFF'S THIRD REQUEST TO ENLARGE THE NON-EXPERT DISCOVERY DEADLINE AND DENYING IN PART DEFENDANT'S EX PARTE MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**<br><br>**(Doc. 77)** |

On July 9, 2018, the parties appeared telephonically for a conference to resolve certain discovery issues. Plaintiff, Agnes Xie, appeared on her own behalf, and Jared Marshall, Esq., appeared on behalf of Defendant De Young Properties, 5418 L.P.

After reviewing the parties' submissions and hearing the parties' arguments, the Court the Court makes the following findings and orders:

**1.    Plaintiff's Third Request to Enlarge the Non-Expert Discovery Deadline.**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "scheduling orders may only be modified for good cause and with the judge's consent." In *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), the Ninth Circuit explained: "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*. The Court went on to emphasize that, rather than prejudice to the opposing party, the Court's focus should be on the moving party's reasons for seeking modification. *Id*. "If that party was not diligent, the inquiry should end." *Id*.

//

In the Court's original scheduling order, non-expert discovery was set to close on March 20, 2018. (Doc. 42.) On March 27, 2018, Plaintiff filed a motion to modify the scheduling order to provide her with ninety additional days to conduct non-expert discovery. (Doc. 53.) On April 19, 2018, following a telephonic discovery dispute conference, the Court granted Plaintiff's motion in part and extended the non-expert discovery deadline to May 31, 2018. (Doc. 59.) The parties appeared for another telephonic discovery dispute conference on May 23, 2018, after which the Court issued an order granting Plaintiff "another—and final—enlargement of time" for Plaintiff to conduct certain non-expert discovery, specifically third-party discovery and the deposition of Jerry De Young to July 6, 2018. (Doc. 65.) In its order, the Court cautioned that "no further extensions of time will be given, absent a showing of good cause." (*See id*. (emphasis in original).)

The Court finds that Plaintiff has not shown good cause to enlarge the non-expert discovery deadline for a *third time* because she has not acted diligently. Plaintiff contends that she was unable to complete the deposition of Ernie Escobedo on June 7, 2018[1] and take Mr. De Young's deposition on July 5 and 6, 2018, due to Defendant's incomplete document production, yet she waited until May 31, 2018—the close of non-expert discovery—to complain to Defendant about alleged deficiencies in its November 2017 discovery responses. Although on June 6, 2018, Plaintiff raised the prospect of filing a motion to compel, she did not do so. Plaintiff was also aware that she would not receive documents from Defendant pertaining to Mark Fletcher and Alma Fletcher until June 15, 2018—at the earliest,[2] yet she neither asked Defendant, nor sought permission from the Court, to set Mr. Escobedo's continued deposition on a date after those documents were produced.

In addition, Plaintiff received 346 pages of documents from Defendant on June 21, 2018, more than two weeks in advance of Mr. De Young's deposition set for July 5 and 6, 2018, and with sufficient time to review the documents beforehand. Had Plaintiff needed additional time to review those documents, she should have acted promptly in seeking relief from the Court. She did not do

---

[1] As Mr. Escobedo was one hour late to his deposition on May 29, 2018, the parties agreed to resume the deposition on June 7, 2018, after the close of non-expert discovery.

[2] Plaintiff issued "Notice(s) to Consumer or Employee and Objection" to Mark Fletcher and Alma Fletcher on May 29, 2018, with a specified production date of June 20, 2018. (Doc. 66.) Plaintiff thereafter issued additional "Notice(s) to Consumer or Employee and Objection" to Mr. Fletcher and Ms. Fletcher on June 10, 2018, with a specified production date of June 15, 2018. (Docs. 67 & 68.)

so, choosing instead to cancel the deposition and submit this dispute to the Court on July 4, 2018.

In sum, the Court finds Plaintiff did not act diligently in discovery and therefore has failed to demonstrate good cause required to justify the enlargement of the non-expert discovery deadline under Fed. R. Civ. P. 16(b)(4). *See Johnson*, 975 F.2d at 610. Accordingly, Plaintiff's request to enlarge the non-expert discovery deadline for a third time is DENIED.

**2.     Defendant's Ex Parte Motion to Quash Subpoena and for Protective Order (Doc. 77)**

Defendant seeks to quash the subpoena to former employee Tina Larson and prohibit the deposition of Ms. Larson from proceeding because, inter alia, Plaintiff refused to disclose to defense counsel the location of the deposition. (*See* Doc. 77.) Defendant also seeks attorney's fees in conjunction with its ex parte motion. (*See id*.)

There appears to be a dispute as to whether Defendant's ex parte motion is now moot, since Ms. Larson's deposition took place on July 6, 2018, at which defense counsel personally appeared. Defense counsel asserts that he was prevented from conducting his examination of Ms. Larson on July 6; Plaintiff disagrees. Following a discussion with the parties, it is clear that they have not adequately met and conferred, as required by the Court's procedures.

The Court hereby RESERVES its ruling on Defendant's ex parte motion in part, insofar as it seeks to quash Ms. Larson's subpoena and for a protective order, and the parties are ORDERED to meet and confer in a good faith effort to resolve their dispute without Court action. This means that, in addition to any written correspondence in which the parties may engage, they are required to speak with each other (either in person, over the telephone, or through videoconferencing) regarding the dispute. Should the parties resolve their dispute, Defendant shall withdraw its ex parte motion. In the unlikely event that the parties are unable to come to a resolution, Defendant may either submit its ex parte motion or proceed with the Court's informal discovery dispute resolution procedure.

Finally, Defendant's ex parte motion is DENIED in part, insofar as it requests its attorney's fees, as the Court finds that Defendant's meet and confer effort—consisting of two emails without so much as a follow-up phone call—does not constitute a good faith attempt to resolve this dispute before resorting to an ex parte motion. *See* Fed. R. Civ. P. 37(a)(5)(A)(i) (requiring award of

attorney's fees if a discovery motion is granted or if the disclosure or requested discovery is provided after the motion was filed unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action.") *Compare Tracfone Wireless, Inc. v. California Prods. Int'l, Inc.*, Case No. CV 08–01877–SGL(SSx), 2008 WL 11343018, at *2 (C.D. Cal. Dec. 3, 2008) (awarding sanctions where "according to Plaintiff's counsel, despite phone calls, faxes, e-mails and letters, Defendants failed completely to respond to Plaintiff's discovery requests."). Accordingly, pursuant to Fed. R. Civ. P. 35(a)(5)(A)(i), no attorney's fees shall be awarded.

IT IS SO ORDERED.

Dated: **July 10, 2018** /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE