UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGNES XIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DE YOUNG PROPERTIES 5418, LP,<br><br>　　　　　Defendant. | No. 1: 16-cv-01518-DAD-SKO<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO REDACT AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(Doc. Nos. 82, 83) |

Plaintiff Agnes Xie ("plaintiff") filed her complaint in this action against defendant De Young Properties 5418, LP ("defendant") on October 7, 2016. (Doc. No. 1.) On June 26, 2018, defendant filed a motion for summary judgment, supported by four exhibits, and noticed the motion for hearing on August 7, 2018. (Doc. No. 70.) On June 28, 2018, after receiving an email from plaintiff, the court issued a minute order directing the Clerk of the Court to temporarily seal exhibit 4 to defendant's motion for summary judgment (Doc. No. 70-4) and directing defendant's counsel to immediately file an appropriately redacted exhibit because the exhibit as originally filed included confidential information that should have been redacted pursuant to Local Rule 140. (Doc. No. 71.)

After the exhibit was temporarily sealed, defendant filed a notice of request to seal documents. (Doc. No. 72.) Defendant's request stated that though the documents have been redacted in accordance with Local Rule 140, "[o]ut of an abundance of caution, and at the request

1

of Plaintiff Agnes Xie, Defendant seeks the additional protection afforded by filing under seal." (*Id.* at 1.) On July 2, 2018, the court issued an order denying defendant's request to seal but directing defendant to file redacted documents. (Doc. No. 73.) Specifically, the order instructed the parties to "ensure that all documents filed on the public docket conform to Local Rule 140, which requires redaction of financial account numbers (L.R. 140(a)(ii)), social security numbers (L.R. 140(a)(iii)); and dates of birth (L.R. 140(a)(iv))." (*Id.* at 4.) The court also authorized the redaction of plaintiff's current and previous addresses. (*Id.*) On July 2, 2018, defendant filed a redacted version of Doc. No. 70-4. (Doc. No. 74.) On July 3, 2018, defendant resubmitted a redacted version of Doc. No. 70-4. (Doc. No. 76.)

On July 24, 2018, plaintiff filed a "Motion for Seal and Redaction" (Doc. No. 83) and a notice of request to seal documents (Doc. No. 85). Plaintiff requests that the court seal defendant's filing and order that defendant refile with proper redactions. (Doc. No. 83 at 1.) Further, plaintiff also filed a motion to sanction defendant for violation of this court's order directing defendant to file redacted documents. (Doc. No. 82.)

The legal standards regarding requests to seal and redact have been set forth in this court's prior order and will not be repeated at length here. (*See* Doc. No. 73 at 2–3.) Here, plaintiff requests that this court redact the following bates-labelled documents of exhibit 4 supported in support of defendant's motion for summary judgment: MSJ-0024, MSJ-0025, MSJ-0027-0032, MSJ-0044-0048, MSJ-0051, MSJ-0054-0057, MSJ-0069-0089. (Doc. No. 83.) The court has reviewed the documents identified by plaintiff. All of the identified documents have been properly redacted by defendant, with the exception of MSJ-0045. Defendant is ordered to file a redacted version of Doc. No. 70-4 that includes all redactions ordered by the court, including redaction of the home address appearing on MSJ-0045.

Plaintiff also requests that the court impose sanctions on defendant due to their failure to properly redact documents they have filed on the public docket. "[A] district court may levy sanctions pursuant to its inherent power for willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (internal quotation marks and

citation omitted).  Here, the court finds no evidence that defendant's conduct was willful and thus denies plaintiff's request for imposition of sanctions.  *See F.J. Hanshaw Enter., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001) ("With respect to sanctions, a district court's factual findings are given great deference.").

Accordingly:

1. Plaintiff's motion to redact (Doc. No. 83) is granted in part and denied in part;
2. The Clerk of the Court is directed to strike from the docket Doc. Nos. 74 and 76 and defense counsel shall file an appropriately redacted replacement in keeping with this order as soon as possible; and
3. Plaintiff's motion to sanction defendant (Doc. No. 82) is denied.

IT IS SO ORDERED.

Dated: __**July 31, 2018**__       _____
UNITED STATES DISTRICT JUDGE