# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGNES XIE,<br><br>Plaintiff,<br><br>v.<br><br>DE YOUNG PROPERTIES, 5418 L.P.,<br><br>Defendant.<br>_____/ | Case No. 1:16-cv-01518-DAD-SKO<br><br>**ORDER ON PLAINTIFF'S MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**(Docs. 84 and 88)** |

On July 24, 2018, Plaintiff filed a "Motion to Compel Production of Documents" (Doc. 84) (the "First Motion") and on July 30, 2018, Plaintiff filed a "Motion to Compel of Production of Documents—Supplemental Part II" (Doc. 88) (the "Second Motion") (collectively, the "Motions").

On August 7, 2018, the parties appeared telephonically for a conference for the Court to determine the Motions. Plaintiff, Agnes Xie, appeared on her own behalf, and Jared Marshall, Esq., appeared on behalf of Defendant De Young Properties, 5418 L.P.

After reviewing the parties' submissions and hearing the parties' arguments, the Court GRANTS in part, and DENIES in part as moot, the First Motion. The Court further DENIES in part as moot, and DEFERS judgment on, the Second Motion.

**1.    Plaintiff's First Motion to Compel (Doc. 84)**

Plaintiff's First Motion seeks to compel Defendant to produce "[t]he organization, policy document and procedure document . . . to ensure the defendant's claim that only Jerry De Young can bind contract 1." (Doc. 84 ¶ 9.) Plaintiff's First Motion also seeks "documents including organization charts, entities information, entities relation between entities shown on the contracts, and employees belongs [sic] to each entities, etc." (Doc. 84 ¶ 2.)

Defendant has confirmed that, other than a checklist that sales representatives use after a

1 | buyer signs a contract that Defendant has already produced, it has no other documents in its
2 | possession, custody, or control showing that "only Jerry De Young can bind" Defendant in a
3 | contract. Accordingly, Plaintiff's motion to compel "[t]he organization, policy document and
4 | procedure document . . . to ensure the defendant's claim that only Jerry De Young can bind contract
5 | 1" is DENIED as moot.

With respect to "documents including organization charts, entities information, entities relation between entities shown on the contracts, and employees belongs [sic] to each entities, etc.," Defendant admits that it possesses an organizational chart listing the employees and employee structure of Defendant De Young Properties, and confirms that it has no other responsive documents. The Court finds this organizational chart is relevant to Plaintiff's allegations against Defendant and "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the Court GRANTS Plaintiff's motion to compel as to this organizational chart and DENIES the remainder of Plaintiff's First Motion as moot.

**2.     Plaintiff's Second Motion to Compel (Doc. 88)**

Plaintiff's Second Motion seeks to compel Defendant to produce "plaintiff's initial contract1 which is key to this law suit." (Doc. 88 ¶ 1.) Plaintiff's Second Motion also seeks "the litigation and arbitration suit which clearly had been litigated against De Young for systematically change [sic] contracts by forge [sic] signatures," which is an arbitration proceeding involving Ms. Tina Larson, who is a former employee of Defendant, that resulted in a settlement agreement. (Doc. 88 ¶ 2; *see also* Doc. 88, Ex. 6; Doc. 84, Ex. 3.)

"Contract1" refers to a document signed by both Plaintiff and Mr. Jerry De Young. Defendant has confirmed that it has no such document in its possession, custody, or control. Accordingly, Plaintiff's motion to compel "contract1" is DENIED as moot.

With respect to the documents from Ms. Larson's arbitration proceeding, Defendant is ORDERED to submit to the Court for *in camera* review: 1) the arbitration demand from the

arbitration proceeding involving Ms. Larson, and 2) the settlement agreement resolving that arbitration, so that the Court may determine whether they are relevant in accordance with Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Court hereby DEFERS ruling on the remainder of Plaintiff's Second Motion until after that determination is made.[1]

**3. Order**

For the reasons set forth above, Plaintiff's motions to compel (Docs. 84 and 88) are denied in part as moot and granted in part. By no later than 5:00 p.m. on August 8, 2018, Defendant is ORDERED to:

1. Produce to Plaintiff the organizational chart in its possession listing the employees and employee structure of Defendant De Young Properties; and
2. Submit to the Court, for *in camera* review, the demand for arbitration and corresponding settlement agreement, from the arbitration proceeding involving Defendant's former employee Ms. Tina Larson.

IT IS SO ORDERED.

Dated: **August 7, 2018**            /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Should the Court find the arbitration demand and settlement agreement are relevant, Plaintiff's motion will be granted as to these documents, which shall be produced pursuant to a mutually agreeable protective order.

3