# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGNES XIE,<br><br>        Plaintiff,<br><br>   v.<br><br>DE YOUNG PROPERTIES, 5418 L.P.,<br><br>        Defendant.<br>_____/ | Case No. 1:16-cv-01518-DAD-SKO<br><br>**ORDER FOLLOWING *IN CAMERA* REVIEW OF DOCUMENTS**<br><br>**(Doc. 88)** |

On July 30, 2018, Plaintiff filed a "Motion to Compel of Production of Documents—Supplemental Part II" (the "Motion") seeking to compel Defendant to produce "plaintiff's initial contract1" and "the litigation and arbitration suit which clearly had been litigated against De Young for systematically change [sic] contracts by forge [sic] signatures," which is an arbitration proceeding involving Ms. Tina Larson, who is a former employee of Defendant, that resulted in a settlement agreement. (Doc. 88 ¶¶ 1, 2; *see also* Doc. 88, Ex. 6; Doc. 84, Ex. 3.)

On August 7, 2018, the Court denied as moot Plaintiff's motion to compel "contract1" and deferred ruling on the remainder of the Motion. (Doc. 95.) The Court ordered Defendant to submit to the Court, for *in camera* review, 1) the arbitration demand from the arbitration proceeding involving Ms. Larson (the "July 17, 2015 Letter"), and 2) the settlement agreement resolving that arbitration (the "Settlement Agreement").

On August 8, 2018, Defendant submitted the July 17, 2015 Letter and the Settlement Agreement to the Court for *in camera* review. The Court, having reviewed the documents submitted by Defendant, finds that portions of both the July 17, 2015 Letter and the Settlement Agreement contain information relevant to Plaintiff's claims against Defendant and "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the Court GRANTS the Motion with respect to those relevant portions of the documents submitted for *in camera* review, and DENIES the remainder of the Motion.

Because the documents are subject to certain confidentiality provisions, the parties are hereby ORDERED to enter into a stipulated protective order in accordance with Local Rule 141.1 **by no later than August 10, 2018**. Within one business day after the Court has entered the protective order, Defendant SHALL produce to Plaintiff the July 17, 2015 Letter and the Settlement Agreement with nonrelevant information set forth below redacted.

With respect to the July 17, 2015 Letter, Defendant shall redact:

1. All text on page 1 below the line ending with: "the following matters:";
2. All text on pages 2, 3, 4, 5, 6;
3. All text on page 7 except item numbers 7 and 9 and the associated text;
4. All text in the paragraph on page 10 under the "Request for Personnel Records" heading; and
5. All text in the paragraph on page 10 under the "Request for Payroll and Time Records" heading.

With respect to the Settlement Agreement, Defendant shall redact:

1. All text on page 1 in paragraphs D. and E. under the "Recitals" heading;
2. All text on page 2 below the line ending with: "the Parties agree as follows:" (i.e., sections 2.1, 2.2, 2.2.1);
3. All text on page 3 (i.e., the remaining portion of section 2.2.1 and sections 2.2.2, 2.2.3, 2.3, 2.4);
4. All text on page 4 below the "Release" heading (i.e., section 3.1);
5. All text on page 5 above the "Final Settlement" heading (i.e., the remaining portion of section 3.1);
6. The two words in the heading of section 6 on page 6 before the words "Claim Waiver";

and

7. All text in section 6 below the line ending with "and agrees that Claimant:" (i.e., sections 6.1 through 6.7).

IT IS SO ORDERED.

Dated: **August 8, 2018**　　　　　　　　　　　/s/ *Sheila K. Oberto*　　
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE