UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGNES XIE, | Case No. 1:16-cv-01518-DAD-SKO |
| Plaintiff, | **STIPULATION AND PROTECTIVE** |
| vs. | **ORDER REGARDING CONFIDENTIAL** |
| | **INFORMATION** |
| DE YOUNG PROPERTIES, 5418 LP, | |
| Defendant. | |

Plaintiff AGNES XIE ("Plaintiff"), on the one hand, and Defendant DE YOUNG

PROPERTIES, 5418 LP (the "Defendant," and together with Plaintiff, the "Parties"), on the other

hand, subject to the approval of the Court, hereby stipulate and agree as follows:

1.     STATEMENT OF PURPOSE

On July 30, 2018, Plaintiff filed a "Motion to Compel of Production of Documents–

–Supplemental Part II" (the "Motion") seeking to compel Defendant to produce "plaintiff's initial

contract1" and "the litigation and arbitration suit which clearly had been litigated against De

Young for systematically change [sic] contracts by forge [sic] signatures," which is an arbitration

proceeding involving Ms. Tina Larson, who is a former employee of Defendant, that resulted in a

settlement agreement [Docket Nos. 84, 88].

On August 7, 2018, the Court denied as moot Plaintiff's motion to compel

"contract1" and deferred ruling on the remainder of the Motion [Docket No. 95].  The Court

ordered Defendant to submit to the Court, for *in camera* review, 1) the arbitration demand from

the arbitration proceeding involving Ms. Larson (the "July 17, 2015 Letter"), and 2) the settlement

agreement resolving that arbitration (the "Settlement Agreement").

On August 8, 2018, the Court issued its Order Following *In Camera* Review of

Documents (the "Order") which, among other things, ordered Defendant to produce a redacted

DOWLING | AARON
I N C O R P O R A T E D
ATTORNEYS AND COUNSELORS AT LAW

copy of the July 17, 2015 Letter and the Settlement Agreement and, because the July 17, 2015 Letter and the Settlement Agreement are subject to certain confidentiality provisions, further ordered the Parties to enter into a stipulated protective order in accordance with Local Rule 141.1 [Docket No. 88]. Accordingly, the Parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order for the express and limited purpose of enabling an exchange of the redacted July 17, 2015 Letter and the Settlement Agreement.

2.      PROTECTED MATERIAL

      2.1      The July 17, 2015 Letter and the Settlement Agreement, including the contents and any portions thereof, are referred to herein as the "Protected Material." The Protected Material shall be and hereby is designated as confidential pursuant to the terms of this Stipulated Protective Order.

      2.2      Subject to the provisions herein and unless otherwise stated by Defendant, Plaintiff shall only use the Protected Material for purposes of litigating the present dispute and shall not be used for any business, commercial, competitive, personal, or other use. Plaintiff shall not reveal or discuss the Protected Material to or with any person who is not entitled to receive such information as set forth herein.

      2.3      If Plaintiff inadvertently discloses any Protected Material to persons who are not authorized to use or possess such information, Plaintiff shall, as soon as reasonably possible after Plaintiff becomes aware of the inadvertent disclosure(s), (a) provide immediate written notice of the disclosure to Defendant; (b) use all reasonable efforts to immediately retrieve all copies of the Protected Material; (c) inform the person(s) to whom the unauthorized disclosure was made of all the terms of this Stipulated Protective Order; and (d) request such person(s) to execute the Acknowledgement and Agreement to Be Bound attached to this Stipulated Protective Order.

      2.4      Plaintiff shall not make any copies, duplicates, extracts, summaries or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary in the litigation of this lawsuit. Any such copies, duplicates, extracts, summaries, descriptions, or documents containing same shall be protected at the same level of protection as the original Protected Material and subject to all of the terms and conditions of this Stipulated Protective Order.

3. <u>CONFIDENTIAL INFORMATION</u>

    3.1    Plaintiff may disclose the Protected Material only to the following persons, unless Plaintiff has received the prior written consent of Defendant, or upon order of the Court:

    (a)    the Parties and/or their counsel;

    (b)    outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation after they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action after they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

    (d)    the Court and its employees, agents, representatives, and personnel.

4. <u>LIMITATIONS ON USE OF PROTECTED MATERIAL</u>

    4.1    There shall be no disclosure of any Protected Material by Plaintiff and/or any person authorized to have access thereto to any person who is not authorized for such access under this Stipulated Protective Order. All Protected Material shall be held in confidence by each person to whom it is disclosed, shall be used solely for purposes of this litigation, shall not be used for any business or other purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.

    4.3    Without written permission from Defendant or a court order secured after appropriate notice to all interested persons, a Plaintiff may not file any Protected Material in the public record. A party that seeks to file any Protected Material under seal must comply with all applicable laws, including the Local Rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is entitled to protection under the law. If a Party's request to file Protected Material under seal is denied by the Court, then the Party may file the Protected Material in the public record unless otherwise instructed by the Court.

    4.4    Nothing herein shall restrict a qualified recipient from making working copies,

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

abstracts, digests, and analyses of Protected Material for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be marked and deemed confidential under the terms of this Stipulated Protective Order.

5.    NONPARTY DISCOVERY UNDER THIS PROTECTIVE ORDER

    5.1    If Plaintiff is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material must:

        (a) promptly notify Defendant in writing. Such notification shall include a copy of the subpoena or court order;

        (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        (c) cooperate with respect to all reasonable procedures sought to be pursued by Defendant.

        (d) If Defendant timely seeks a protective order, Plaintiff shall not produce the Protected Material before a determination by the court from which the subpoena or order issued, unless Plaintiff has obtained Defendant's permission. Defendant shall bear the burden and expense of seeking protection in that court of the Protected Material.  Nothing in these provisions should be construed as authorizing or encouraging a Party to disobey a lawful directive from another court.

6.    MISCELLANEOUS PROVISIONS

    6.1    All provisions of this Stipulated Protective Order restricting communication or use of Protected Material shall continue to be binding after the conclusion of this action, unless otherwise agreed to between the Parties or ordered by the Court.  Within thirty (30) days of final termination of this action, including any appeals, Plaintiff must either return or destroy the Protected Material, including all copies, that remain in her possession, custody, or control.

    6.2    Production of the Protected Material pursuant to the Order and this Stipulated Protective Order shall not be deemed a publication of the documents, information and material (or

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

the contents thereof) produced so as to waive, void, or make voidable whatever claim Defendant may have as to the proprietary and confidential nature of the Protected Material.

6.3     Nothing in this Stipulated Protective Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

6.4     The term "copy" as used herein means any photographic, mechanical, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing, including such verbatim transcripts made by handwritten, photographic, mechanical, computerized, or other means.

6.5     After termination of this litigation, the provisions of this Stipulated Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. The United States District Court for the Eastern District of California retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Stipulated Protective Order following termination of this litigation.

6.6     Each of the Parties shall also retain the right to file a motion or stipulation with the Court to modify this Stipulated Protective Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to prepare and present this Action.

[SIGNATURE PAGE FOLLOWS]

SO STIPULATED.

Dated:     August 15, 2018                    DOWLING AARON INCORPORATED


                                          By:   /s/ Jared C. Marshall
                                                STEVEN D. MCGEE
                                                JARED C. MARSHALL
                                                Attorneys for Defendant,
                                                DE YOUNG PROPERTIES, 5418 LP

Dated:     August 15, 2018


                                          By:   /s/ Agnes Xie
                                                AGNES XIE, Plaintiff
                                                Agnes2016law@gmail.com




## ORDER

The Court, having reviewed the foregoing stipulation, and good cause appearing therefor, IT IS SO ORDERED.


IT IS SO ORDERED.

Dated:   **August 15, 2018**                    /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in this case of *Agnes Xie v. De Young Properties, 5418 L.P.,* Case No. 1:16-cv-01518-DAD-SKO.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
                    [printed name]

Signature: _____
                    [signature]

010641-000046-02471183.docx-1

DOWLING | AARON
I N C O R P O R A T E D
ATTORNEYS AND COUNSELORS AT LAW