UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGNES XIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DE YOUNG PROPERTIES, 5418 LP,<br><br>　　　　　Defendant. | No. 1: 16-cv-01518-DAD-SKO<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>(Doc. No. 98) |

This case is before the court on plaintiff Agnes Xie's ("plaintiff") motion to amend her complaint, which was filed on August 7, 2018. (Doc. No. 98.) Defendant De Young Properties 5418 L.P. ("defendant") filed an opposition on September 4, 2018. (Doc. No. 113.) Plaintiff did not file a reply. On September 12, 2018, the court deemed the motion suitable for decision without oral argument pursuant to Local Rule 230 (g). (*See* Doc. No. 116.) For the following reasons, plaintiff's motion to amend her complaint is denied.

**BACKGROUND**

Plaintiff Agnes Xie ("plaintiff") filed her initial complaint on October 7, 2016. (Doc. No. 1.) A first amended complaint was filed on January 3, 2017. (Doc. No. 7.) Defendant filed a motion to dismiss plaintiff's first amended complaint on January 17, 2017. (Doc. No. 8.) Following a hearing on March 21, 2017 (Doc. No. 23), the court granted defendant's motion to dismiss with leave to amend on April 6, 2017. (Doc. No. 25.) On May 8, 2017, plaintiff filed an

1

incomplete amended complaint that was later stricken from the record. (*See* Doc. No. 29.) After receiving an extension of time, plaintiff filed a second amended complaint on June 13, 2017. (Doc. No. 33.) Defendant filed an answer on July 5, 2017. (Doc. No. 35.)

Thereafter, the assigned magistrate judge issued a scheduling order on September 29, 2017. (Doc. No. 42.) The scheduling order set November 20, 2017 as the deadline to amend the pleadings, and March 20, 2018 as the deadline to complete non-expert discovery. (*Id.* at 2.) Plaintiff served extensive written discovery on defendant and made multiple requests to continue non-expert discovery. The magistrate judge granted two of the three requested extensions by plaintiff. (*See* Doc. No. 59, 65, 80.) Non-expert discovery closed on July 6, 2018. (*See* Doc. No. 65 at 1.) Following the close of discovery, plaintiff filed a motion to compel in three parts, the first part being filed on July 24, 2018 (Doc. Nos. 84, 88, 99), which resulted in an informal discovery conference and the issuance of several orders by the magistrate judge addressing the motions to compel. (Doc. Nos. 95, 97, 106.)

Defendant filed a motion for summary judgment on June 26, 2018. (Doc. No. 70.) Plaintiff failed to file an opposition to the motion for summary judgment in compliance with Local Rule 230, which requires that any opposition shall be filed and served not less than fourteen days preceding the noticed (or continued) hearing date. However, on July 30, 2018, plaintiff filed a motion requesting that the hearing date on the motion for summary judgment be continued from the noticed date of August 7, 2018 to September 5, 2018. (Doc. No. 87.) On August 1, 2018, the undersigned continued the hearing on defendant's motion for summary judgment due to the pending motions to compel before the magistrate judge. (Doc. No. 91.)

**LEGAL STANDARDS**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. *Id.*

/////

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See Amerisource Bergen Corp. v. Dialysist West Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecommunications*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *see also Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 276 (N.D. Cal. 2011).

In determining futility of amendment, "[t]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied." *Baker v. Pac. Far. E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (citing 3 Moore's Federal Practice P. 15.08(4) (2d ed. 1974)). Amendment is therefore proper "if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint.'" *United States v. Corinthian Coll.*, 655 F.3d 984, 955 (9th Cir. 2011) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990).

**DISCUSSION**

Plaintiff now seeks leave to file an amended complaint to add new defendants De Young Realty Inc. and De Young Mortgage, as well as to add breach of fiduciary duty and breach of realty agency contract claims to this action. (Doc. No. 98 at 1.) Plaintiff states that she seeks leave to amend at this time based upon new facts that were not previously available to her. (*Id.*) Defendant argues that the proposed amendments are due to plaintiff's undue delay, are proposed

3

in bad faith, and will result in prejudice to defendant.[1] (Doc. No. 113 at 10–12.)

"[I]n evaluating undue delay, we inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen*, 465 F.3d at 953 (*quoting Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). The court construes plaintiff's motion to amend as identifying four alleged newly discovered facts warranting the granting of leave to amend the complaint.[2] However, the court concludes that the "new facts" underlying plaintiff's proposed amendment have all been available to plaintiff previously and do not warrant granting leave to amend the complaint at this late stage of the proceedings. The court discusses each "new fact" relied upon by plaintiff below.

First, plaintiff states: "Tina Larson entered agency contract with plaintiff and acted as plaintiff's buyer's agent on 6/25/13 prior to plaintiff's contract1, Plaintiff did not have this information until 6/21/18." (Doc. No. 98 at ¶ 3.) In support of this contention, plaintiff attaches a copy of the purported agent contract as Exhibit 1 to her motion. (*Id.* at 4.) In its opposition, defendant states that this document was previously produced to plaintiff on October 9, 2017, prior to the November 20, 2017 deadline to amend the pleadings under the court's scheduling order. (*See* Doc. No. 113 at 9.) Plaintiff did not file a reply. Therefore, this is not a "new fact" and does not warrant granting plaintiff leave to amend the complaint.

Next, plaintiff states that she "was not informed that Tina Larson was no longer Defendant DeYoung's employee until on 3/15/18, which were later confirmed only on 4/11/2018 by defendant in their filing from Defendant's CFO Ernie's declaration that Tina no longer employed by De Young." (Doc. No. 98 at ¶ 5.) Plaintiff does not discuss in what way this "new fact" is relevant to her existing or proposed claims. Further, plaintiff does not explain why, despite knowing this fact since March 15, 2018, she did not move to amend the complaint until nearly

---

[1] Defendant also argues that leave to amend should be denied because plaintiff's proposed amendments are futile. (Doc. No. 113 at 12–17.) Because the court will deny plaintiff's motion to amend on other grounds, it declines to address the substance of this argument advanced by defendant.

[2] Plaintiff did not attach a copy of the proposed amended pleading to her motion as required by Local Rule 137(c).

4

five months later.  Thus, even as represented by plaintiff, this is not a "new fact" and does not provide a compelling reason to grant leave to amend the complaint.

Plaintiff also argues that "[t]here is existing executed contract1 which were signed by DeYoung which defendant did not produce so far, which plaintiff had filed motion to compel." (Doc. No. 98 at ¶ 6.)  Plaintiff requested that defendant produce a document that she refers to as "contract1" in her motions to compel.  (*See* Doc. Nos. 88, 99.)  On August 7, 2018, the magistrate judge issued an order stating that "'[c]ontract1' refers to a document signed by Plaintiff and Mr. Jerry De Young.  Defendant has confirmed that it has no document in its possession, custody, or control.  Accordingly, Plaintiff's motion to compel 'contract1' is DENIED as moot." (Doc. No. 95 at 2.)  On August 13, 2018, the magistrate judge issued a minute order denying plaintiff's motion to compel as moot, stating that the motion had already been resolved by the court's previous order. (Doc. No. 106).  Given these orders, the court does not find that plaintiff has presented a sufficient reason to grant leave to amend the complaint based on this alleged "new fact," which is not an evidentiary fact at all.

Finally, plaintiff states that she seeks to add DeYoung Realty Inc. and DeYoung Mortgage as parties to this action because these entities are separate from DeYoung Properties, 5418 LP. (Doc. No. 98 at 1.)  Defendant states that it produced documents to plaintiff on October 9, 2017 identifying DeYoung Realty Inc. and DeYoung Mortgage.  (*See* Doc. No. 114 at 12–13.)  Further, plaintiff's second amended complaint, filed on June 13, 2017, identifies De Young Mortgage as a separate entity.  (*See* Doc. No. 33 at 10.)  All of these documents were available to plaintiff prior to the November 20, 2017 deadline to amend the pleadings established by the court's scheduling order.  Again, information regarding the separate nature of these entities is not a "new fact" and plaintiff has failed to present any basis to grant leave to amend her complaint related to these facts.

Courts have found prejudice to the opposing party where the motion to amend is filed near the close of discovery or when there is a pending motion for summary judgment, and when adding new claims or parties would require additional discovery.  *See, e.g.*, *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (noting that the district court did not

abuse its discretion in denying leave to amend because the motion was filed several days before the discovery cut off, defendant would have had a limited time to respond, and granting leave to amend would have required additional discovery prejudicing the defendant); *Sclacter-Jones v. Gen. Tel. of California*, 936 F.2d 435, 443 (9th Cir. 1991), *abrogated by Cramer v. Consol Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001) ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave.").

Here, given the timing of its filing, the granting of plaintiff's motion to amend would result in prejudice to defendant.[3] Plaintiff filed her motion to amend the complaint after the close of discovery and while defendant's motion for summary judgment was pending before the court. Permitting plaintiff to add new parties and claims at this advanced stage of litigation would result in prejudice to defendants, who have committed resources and filed a motion for summary judgment in reliance on the scheduling order. *See, e.g.*, *Lockheed Martin Corp. v. Network Sols. Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding that seeking leave to amend in light of a pending summary judgment motion not only indicated bad faith on the party of the moving party, but would also prejudice the opposing party); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) ("Allowing the motion would have required re-opening discovery, thus delaying the proceedings."); *see e.g.*, *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-CV-01927-WHO, 2013 WL 4426493, at *3 (N.D. Cal. Aug. 15, 2013) (noting that seeking leave to amend two weeks before the close of discovery where amendment would require additional discovery would cause prejudice and undue delay); *see, e.g.*, *Bookhamer v. Submeam Prod. Inc.*, No. C-09-6027 EMC DMR, 2012 WL 6652414, at *5–6 (N.D. Cal. Dec. 20, 2012) (noting that adding an additional defendant who would need to conduct discovery and file its own dispositive motions was not a brief postponement).

For all of the reasons set forth above, plaintiff's motion to amend the complaint will be denied.

---

[3] Indeed, the filing of the motion at this late stage of the litigation and just prior to hearing on defendant's motion for summary judgment may even suggest bad faith on the part of plaintiff.

Finally, the court notes that plaintiff has not filed an opposition to defendant's pending motion for summary judgment (Doc. No. 70), which is currently set for hearing before this court on October 2, 2018. (*See* Doc. No. 104.) Local Rule 230 provides that an opposition to a motion shall be filed and served not less than fourteen days preceding the noticed or continued hearing date. It is conceivable that, given her *pro se* status, plaintiff mistakenly believed that she was not required to file an opposition to defendant's motion for summary judgment until after the court issued an order on her pending motion to amend her complaint. Out of an excess of caution, the court will continue the hearing on defendant's motion for summary judgment to October 16, 2018, at 9:30 a.m. to allow plaintiff time to file a timely opposition to that motion. No party will be entitled to be heard in opposition to the motion at hearing if opposition to defendant's motion for summary judgment has not been timely filed by that party. *See* L.R. 135.

Accordingly,

1. Plaintiff's motion to amend the complaint (Doc. No. 98) is denied;
2. The hearing for defendant's motion for summary judgment (Doc. No. 70) is continued to October 16, 2018 at 9:30 a.m. in the courtroom of the undersigned.

IT IS SO ORDERED.

Dated:  **September 27, 2018**

UNITED STATES DISTRICT JUDGE