UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGNES XIE,<br><br>   Plaintiff,<br><br>   v.<br><br>DE YOUNG PROPERTIES 5418, LP,<br><br>   Defendant. | No. 1: 16-cv-01518-DAD-SKO<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, DENYING MOTION FOR EXTENSION OF TIME AS MOOT, AND DENYING ALL OTHER MOTIONS AS MOOT<br><br>(Doc. Nos. 150, 151, 152, 154, 155, 158) |

Plaintiff Agnes Xie, *pro se*, initiated this action against defendant De Young Properties 5418, LP ("defendant") on October 7, 2016. (Doc. No. 1.) After two years of litigation, the court issued an order on November 16, 2018, which granted defendant's motion for summary judgment, denied all other pending motions as moot, and directed the Clerk of the Court to close this action. (Doc. No. 144.) On November 26, 2018, plaintiff filed a motion for reconsideration of this decision. (Doc. No. 150.) Shortly thereafter, plaintiff also filed numerous other motions or documents.[1]

---

[1] Following the granting of defendant's motion for summary judgment, plaintiff has filed the following with the court: an amended reply to defendant's objections to evidence in opposition to the motion for summary judgment (Doc. No. 147); a motion to supplement pleadings (Doc. No. 151); a motion for extension of time to amend the opposition to the motion for summary judgment and to file a cross-motion for summary judgment (Doc. No. 152); an amended opposition to the motion for summary judgment and cross-motion for summary judgment (Doc. No. 153); a motion to stay the judgment, reopen the case, and for reconsideration of the court's order (Doc. No. 154); a request for extension of time to file a notice of appeal (Doc. No. 155); and a second request for extension of time to file a notice of appeal (Doc. No. 158).

1

**LEGAL STANDARD**

Pursuant to the Federal Rules of Civil Procedure, either party may file a motion for reconsideration to alter or amend a judgment within twenty-eight days of entry of that judgment. Fed. R. Civ. P. 59(e). District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles. v. Santa Monica Baykeeper*, 254 F. 3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted). A motion for reconsideration, however, "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993)). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F. 2d 364 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain.").

**DISCUSSION**

Plaintiff makes several arguments in her motion for reconsideration. First, plaintiff states that the court failed to consider plaintiff's objections to defendant's statement of undisputed facts (Doc. No. 147), which were filed on the court's docket on November 16, 2018, the same day that the order granting summary judgment was issued. (Doc. No. 150 at 1.) However, motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original) (citing *389 Orange St. Partners*, 179 F.3d at 665); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Plaintiff's objections to defendant's statement of undisputed facts were filed more than a month after the motion for summary judgment was taken under submission by the court for decision, and

/////
/////

nearly five months after the defendant's statement of undisputed facts was filed.[2] Due to plaintiff's status as a *pro se* litigant, the court considered her numerous untimely filings in deciding the motion for summary judgment, several of which were received by the court after the motion had been taken under submission. (*See* Doc. Nos. 127, 128, 129, 131, 133.)[3] There has been no showing that plaintiff could not have raised these arguments at an earlier point in the litigation. Accordingly, the court declines to reconsider on that basis alone.

Plaintiff also argues that the court failed to consider her motion to stay prior to ruling on the motion for summary judgment, which resulted in prejudice to the plaintiff. (Doc. No. 150 at 1.) The court denied plaintiff's motion to stay at the summary judgment hearing on October 16, 2018 after learning that plaintiff had not made progress in retaining counsel who could adhere to the existing scheduling order in this case. Further, the undersigned notes that plaintiff waited until a week prior to the hearing for the motion for summary judgment before beginning the process of seeking counsel, even though this suit has been pending since October 2016.

Finally, plaintiff argues that the court failed to consider her realty agency contract executed between the parties on June 25, 2013 and a breach of fiduciary duty stemming from that contract. (Doc. No. 150 at 1.) The court denied plaintiff's motion to amend her complaint to add these claims and additional defendants on September 28, 2018, finding that amendment at such an advanced stage of litigation would be prejudicial to defendants. (Doc. No. 119.) Because plaintiff was not permitted to further amend her complaint to include these claims and defendants, such arguments do not provide a valid basis for reconsideration. For these reasons, petitioner's motion for reconsideration (Doc. No. 23) is denied.

---

[2] Though defendant's motion was filed on June 26, 2018, a hearing on this motion was not held until October 11, 2018, due to the court's efforts to accommodate plaintiff's various other discovery related motions.

[3] Plaintiff also argues that the court failed to accommodate her disability, which restricted her ability to work at the computer for extended periods of time. (Doc. No. 150 at 1.) Further, she asserts that she was prejudiced because she did not have access to the court's electronic case filing (ECF) system and thus, her filings with the court were subject to delays. (*Id.*) Pursuant to Local Rule 133(a), all *pro se* parties are required to file their documents in paper form. The court also notes that plaintiff has not been prejudiced by this requirement, since the court has consistently considered plaintiff's litany of untimely filings throughout this litigation.

As a final issue, plaintiff filed a motion for an extension of time to file a notice of appeal on December 11, 2018.  (Doc. No. 155.)  However, on December 13, 2018, plaintiff filed a notice of her appeal to the Ninth Circuit.  (Doc. Nos. 156, 157.)  Because plaintiff has filed a notice of appeal, an extension of time to do so is no longer necessary, and plaintiff's motion in that regard will be denied as moot.

**CONCLUSION**

1. Plaintiff's motion for reconsideration (Doc. No. 70) is denied in its entirety;
2. Plaintiff's motions for extension of time to file a notice of appeal (Doc. Nos. 155, 158) are denied as moot;
3. Plaintiff's remaining pending motions (Doc. Nos. 124, 125, 126, 135, 137) are denied as moot.

IT IS SO ORDERED.

Dated: **December 21, 2018**

UNITED STATES DISTRICT JUDGE